# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2025

_____

Tracy Jones,                              *
                                          *
           Appellant,                     *    Appeal from the United States
                                          *    District Court for the
     v.                                   *    Eastern District of Missouri.
                                          *
Michael Bowersox,                         *         [UNPUBLISHED]
                                          *
           Appellee.                      *

_____

Submitted:  January 17, 2002

Filed:  February 13, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

     Tracy Jones was charged under Missouri law, tried in a Missouri trial court, and found guilty by a jury of both murder in the first degree and armed criminal action.  In keeping with the jury's recommendation, he was sentenced to life imprisonment without parole for murder and to a consecutive term of life imprisonment for armed criminal action.  After exhausting his state remedies without obtaining any relief, he filed a 28 U.S.C. § 2254 habeas petition in the District Court.[1]

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

That court denied the petition, which raised six claims for relief, and granted a certificate of appealability on only one of those claims, namely, the claim that a confession admitted into evidence at Jones's trial had been obtained during coercive in-custody interrogation. Jones has appealed. We affirm.

On appeal, Jones makes essentially the same arguments in support of his claim that his confession was involuntary that he made to the District Court. Applying the now-familiar standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, the District Court determined that the state-court conclusion that Jones's confession was voluntary is not based on an unreasonable determination of the facts and that it is neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d) (Supp. IV 1998); see also Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (opinion of O'Connor, J., for the Court).

Having carefully considered the record and the arguments of the parties, we find no error in the District Court's reasoning or conclusions. Accordingly, the order of the District Court denying habeas relief and dismissing Jones's petition is affirmed. See 8th Cir. R. 47B.

Because of our affirmance of the case on the merits, we need not and do not address Warden Bowersox's argument that Jones's § 2254 petition was untimely in that it was not filed until more than a year had passed from the date on which the state-court judgment became final by the conclusion of direct review. See 28 U.S.C. § 2244(d)(1)(A) (Supp. IV 1998) (establishing the one-year limitation period here in question). In this case it is considerably easier and thus more judicially efficient to affirm on the merits than to untangle the complexities of the timeliness issue. Cf. Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) (en banc) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes

dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated."), <u>cert. denied</u>, 528 U.S. 846 (1999).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.